UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-542-FDW

| MICHAEL BRIAN WISE, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| DANIEL BAILEY, Sheriff, | ) |
| Mecklenburg County, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e); 1915A.

## I. BACKGROUND

Pro se Plaintiff Michael Brian Wise, a North Carolina state court inmate incarcerated at Lanesboro Correctional Institution, filed this action on September 26, 2013, pursuant to 42 U.S.C. § 1983. Plaintiff filed an Amended Complaint on November 20, 2013, naming sixteen defendants.[1] Plaintiff alleges that while he was a pre-trial detainee in the Mecklenburg County

---

[1] This Court granted Plaintiff the right to file a Second Amended Complaint by Order dated March 24, 2014, but Plaintiff has, thus far, failed to comply with the Court's order. The Court will not give Plaintiff any more time to file a Second Amended Complaint, as he has been allotted almost two months in which to do so. In any event, Plaintiff stated in the motion to amend that he wished to amend the Complaint to add allegations that occurred after the filing of the original Complaint that were completely unrelated to the allegations in the Amended Complaint. Thus, the Amended Complaint filed on November 20, 2013, is the controlling pleading for purposes of this initial review. Plaintiff suggests in a letter dated May 15, 2014, noticing a change of address to this Court that he did not receive this Court's Order dated March 24, 2014. However, this was Plaintiff's own fault, as the Department of Public Safety records

1

Jail he was subjected to violations of his First, Fifth, and Fourteenth rights under the U.S. Constitution and under federal and state statutes. Specifically, Plaintiff alleges that he was subjected to verbal abuse and harassment by officers at the jail in part as a form of retaliation for Plaintiff's filing of grievances against some of them; he was unfairly placed on lockdown for failing to be awake in time for bed sheet change because the guard who was supposed to wake him up failed to do so; he was not fed a diet that was proper for diabetics; his insulin levels were not checked as often as they should have been; jail officials denied his request to see a menu with nutritional information for the meals served at the jail; and he was denied the right to grieve some of his claims. Plaintiff seeks declaratory and injunctive relief.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to

---

state that he was admitted to Central Prison in Raleigh on March 22, 2014. Plaintiff, however, did not file a Notice of Change of Address with this Court when his address changed from the jail to Central Prison.

ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

In the Amended Complaint, Plaintiff seeks only declaratory and injunctive relief against Defendants. He seeks an order from this Court enjoining Defendants from harassing him; ordering jail officials to provide him with proper and adequate medical treatment; and ordering the jail to provide a diet approved by the American Diabetic Association and to provide inmates with menus containing nutritional information for the meals served at the jail. (Doc. No. 8 at 9-10). As noted, Plaintiff has been transferred away from the jail, and he is now incarcerated at Lanesboro Correctional Institution. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009). Because Plaintiff is no longer incarcerated at the jail, Plaintiff's claims for declaratory and injunctive relief are moot. The Court will, therefore, dismiss this action without prejudice as moot.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice as moot.
2. The Clerk shall terminate this action.

Signed: May 19, 2014

Frank D. Whitney
Chief United States District Judge